**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SIMPLICIO LOPEZ-ALONSO, | No. 19-73069 |
| Petitioner, | Agency No. A205-158-068 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2022**
San Francisco, California

Before: BEA, CHRISTEN, and BRESS, Circuit Judges.

Petitioner Simplicio Lopez Alonso seeks review of the order of the Board of

Immigration Appeals (BIA) that denies his applications for asylum and withholding

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal.[1]  Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context for our ruling.  We review legal questions de novo and the agency's factual findings for substantial evidence.  *See Aden v. Wilkinson*, 989 F.3d 1073, 1079 (9th Cir. 2021).  We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition for review.

Substantial evidence supports the agency's denial of asylum and withholding of removal.  An asylum applicant "must demonstrate that he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).  Lopez Alonso does not allege any past persecution.  Rather, he fears future persecution from gangs and other violent criminals in Mexico.  But "[a]sylum is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010).

Lopez Alonso argued below that he would be persecuted in Mexico based on his membership in three particular social groups: 1) Mexican nationals who have lived in the United States for many years and are perceived as wealthy upon returning to Mexico; 2) longtime residents of the United States with United States

---

[1] The BIA also denied Lopez Alonzo relief under the Convention Against Torture but Lopez Alonzo does not seek review of that ruling.

2

citizen children who are perceived as wealthy; and 3) families with United States citizen children. The agency found that these particular social groups were too broad to be cognizable and could not support Lopez Alonso's asylum application. As a result, the agency found no nexus between Lopez Alonso's fear of future persecution and his membership in a cognizable particular social group. The agency further found that even if one of Lopez Alonso's particular social groups were cognizable, Lopez Alonso could not establish that he would suffer future persecution in Mexico on account of his membership in any of those groups. We hold that these determinations were supported by substantial evidence. *See Delgado-Ortiz*, 600 F.3d at 1151–52 (concluding that "'returning Mexicans from the United States[]' . . . is too broad to qualify as a cognizable social group" because "'individuals falling within the parameters of this sweeping demographic division naturally manifest a plethora of different lifestyles, varying interests, diverse cultures, and contrary political leanings'" (quoting *Ochoa v. Gonzales*, 406 F.3d 1166, 1171 (9th Cir. 2005), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc))); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) ("[W]e hold that the proposed group of 'imputed wealthy Americans' is not a discrete class of persons recognized by society as a particular social group."); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang

3

members bears no nexus to a protected ground.").

Because we affirm the agency's determination that Lopez Alonso failed to establish eligibility for asylum, we also affirm the agency's denial of his application for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**